Case 8:09-cv-01351-RFT   Document 1   Filed 12/02/09   Page 1 of 10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------x

ERIN HARRIGAN, on behalf of herself
and all others similarly situated,

Plaintiff

**CLASS
ACTION COMPLAINT
AND DEMAND FOR
JURY TRIAL**

-against-

RECEIVABLES PERFORMANCE MANAGEMENT, LLC
and JOHN AND JANE DOES NUMBERS 1 THROUGH
25, SAID PERSONS BEING NAMED HEREIN AS
THE PERSONS WHO ALSO CONTROL THE POLICIES
AND PRACTICES INVOKED BY RECEIVABLES
PERFORMANCE MANAGEMENT, LLC,

Defendants

-------------------------------------x

## I. Preliminary Statement

1. Plaintiff, ERIC HARRIGAN (hereinafter referred to as "Plaintiff"), on her own behalf and on behalf of the class she seeks to represent, brings this action for illegal practices of the above-named Defendants who used false, deceptive and misleading practices in conjunction with attempts to collect alleged debts. Plaintiff alleges that the Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692 et. seq. (FDCPA). Plaintiff seeks statutory damages for herself and for each class defined herein, costs and attorneys fees.

## II. Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C.A. sec. 1692k and 28 U.S.C. sec. 1331. Venue in this District is appropriate because pertinent events took place here.

## III. Parties

3. Plaintiff is a natural person who at all times relevant to this complaint resided in Plattsburgh, New York.

4. Defendant Receivables Performance Management, LLC (hereinafter referred to as "Defendant RPM") is a for-profit Limited Liability Company existing pursuant to the laws of the State of Washington. The Defendant RPM maintains a principal place of business located at 20816 44th Avenue West, City of Lynwood, Snohomish County, Washington. The Defendant RPM is engaged in the business of collecting debts. The Defendant RPM collects alleged debts which are allegedly in default and which were originally incurred, and alleged to be incurred, for personal, family and/or household purposes. Based upon said debt collection activity the Defendant RPM is a "debt collector" as said term is defined in the FDCPA.

5. The Defendants, JOHN and JANE DOES 1 through 25, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff at this time. When said true names and

capacities are ascertained, Plaintiff will move to further amend this complaint by inserting same.

6. Plaintiff has information and beliefs and thereon alleges that Defendants, JOHN and JANE DOES 1 through 25, are natural persons and/or business entities all of who reside or are located within the United States.  Said DOE Defendants personally created, instituted, and with knowledge such practices were contrary to law, acted consistent with and oversaw policies and procedures used by employees of the Defendant RPM wherein said employees engaged in the unlawful conduct set forth below.  Said DOE Defendants personally control the illegal acts, policies, and practices utilized by the Defendant RPM and are, therefore, personally liable for all of the wrongdoing alleged hereinafter.

## IV. Facts Related To The Named Plaintiff

7. The Plaintiff is alleged by RPM to have incurred a personal debt.

8. At a time unknown to the Plaintiff said alleged personal debt was referred to the Defendant RPM for collection purposes.

9. The debt referenced heretofore herein is a "debt" as that term is defined by 15 U.S.C. sec. 1692a(5).

10. In the attempt to collect the alleged debt referenced

heretofore herein, a person employed as a debt collector by the Defendant RPM contacted the Plaintiff via telephone and placed the following message for the Plaintiff:

> "This is Rhonda. I have important information for you. Please return my phone call at work. The number is 866-212-7408. Once again, it's 866-212-7408. Thank you."

11. The telephone message, as described above in Paragraph 10, constitutes a "communication" as that term is defined by 15 U.S.C. sec. 1692a(2).

12. The telephone message failed to do the following:
   (a) Identify Defendant RPM as the caller;
   (b) State the nature of business concerning the call;
   (c) Advise that the communication was from a debt collector.

13. The Defendant's communication, as set forth heretofore herein, is false, deceptive and misleading in that the natural consequence of said communication is to harass, oppress, or abuse the Plaintiff and other persons who receive similar telephone messages.

14. The Defendant's communication, as set forth heretofore herein, is false, deceptive and misleading insofar as the Defendant failed to disclose its identity and the purpose of its call,

thereby circumventing Congress's intent to permit persons such as the Plaintiff to make an informed decision as to whether she wished to speak with a debt collector.

15. The Defendant's communication, as set forth heretofore herein, constitutes unfair and unconscionable means to collect or attempt to collect any debt under 15 U.S.C. sec. 1692f by stripping the Plaintiff, and other persons who received these voice messages, of a) the right to know the identity of persons and entities who are attempting to contact them and b) the right to make an informed decision as to whether he wished to speak with a debt collector.

## Policies and Practices Complained Of

16. It is the policy and practice of persons employed as debt collectors by the Defendant RPM to leave telephone voice messages without:

> (a) Identifying that the messages are from the Defendant RPM as the caller;
> (b) Stating the nature of the business concerning the call and;
> (c) advising that the communication was from a debt collector.

17. It is the policy and practice of the Defendant RPM to leave telephone voice messages that are false, deceptive, and misleading by creating a false sense of urgency in an effort to

trick persons such as the Plaintiff into voluntarily returning
calls placed by debt collectors who are attempting to collect
alleged debts.

18. It is also the policy and practice of the Defendant RPM to
monitor and record telephone conversations between debt collectors
employed by the Defendant RPM and consumers without advising
consumer that said telephone conversations could be monitored
and/or recorded thereby depriving the consumers the option of not
speaking with identified debt collectors while their conversations
are being monitored and recorded by unidentified other persons
employed by the Defendant RPM.

## VI. Class Allegations

19. This action is brought on behalf of a class consisting of
all persons with addresses in the State of New York to whom at
least one telephone voice message was caused to be placed by the
Defendant RPM.

20. The class period for each class encompasses one year prior
to the filing of the complaint in this action through the time an
order of final class certification is obtained.

21. Plaintiff alleges on information and belief that the
class is so numerous that joinder of all members of the class is
impractical.

22. There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants named herein violated the FDCPA by using false, deceptive and misleading debt collection means and by engaging in conduct the natural consequences of which is to harass, annoy and abuse.

23. The Plaintiff's claims are typical of those of the members of the class defined herein. All are based on the same facts and legal theories. Therefore, the same course of violative conduct and legal theories are involved herein.

24. The Plaintiff will fairly and adequately protect the interests of the class defined herein. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the herein action.

25. Certification of the class under Fed. R. Civ. P. 23(b)(3) is appropriate in that the questions of law and fact common to the classes defined herein predominate over any questions affecting only individual members of the classes and a class action is superior to other methods for the fair and efficient adjudication of the herein controversy.

## VII.   Class Claims for Relief

26. The Defendants violated the FDCPA. Defendants'
violations include, but are not limited to, the following:

a. The Defendants violated 15 U.S.C. sec. 1692e by using
false, deceptive and misleading representations in an attempt to
collect alleged debts.

b. The Defendants violated 15 U.S.C. sec. 1692f by using
unfair practices in an attempt to collect alleged debts.

c. The Defendants violated 15 U.S.C. sec. 1692d by engaging in
conduct the natural consequences of which is to harass, annoy and
abuse.

d. The Defendants violated 15 U.S.C. sec. 1692e(11) by failing
to advise in all their communications that said communications were
from a debt collector.

WHEREFORE, Plaintiff respectfully requests that the Court
enter judgment in her favor and in favor of each class for:

A. Certification of the class pursuant to Rule 23(b)(3).

B. Statutory damages for the Plaintiff pursuant to 15
U.S.C.A. sec. 1692k.

C. Statutory damages for the members of the class pursuant to 15 U.S.C. sec. 1692k.

D. Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C.A. sec. 1692k.

E. Such other and further relief as may be just and proper.


Dated: Haines Falls, New York
       December 1, 2009



ROBERT L. ARLEO, ESQ.
(RA 7506)
Attorney for the Plaintiff
164 Sunset Park Road
Haines Falls, New York 12436
(518) 589-5264

## DEMAND FOR JURY TRIAL

Please take notice that the Plaintiff demands trial by jury in this action.

Attorney for the Plaintiff