September 21, 2010

The Honorable Randolph Treece
United States Magistrate Judge
United States District Court
   for the Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY  12207

Re:    *Harrigan v. Receivables Performance Management, LLC*
No. 09-CV-131 (RFT)

Dear Judge Treece:

I represent objectors John Dunio and Crystal Kominski in their objections to the proposed class action settlement in this action.  Mr. Dunio and Ms. Kominski have filed lawsuits in state court in Pennsylvania against Receivables Performance Management for the same conduct at issue in this case; namely, violations of the Fair Debt Collection Act. Additionally, I have been contacted and asked to represent David Rubin and Lawrence Sclafani, two individuals who have filed lawsuits against Receivables Performance Management in the U.S. District Court for the Southern District of Florida.  Please consider this letter my notice of appearance on their behalf.  Given the timing of this submission, I will keep the objectors written comments brief, and make an additional record before the Court this morning.

As an initial matter, the above-named objectors have requested that the Defendant allow them to opt out of the settlement.  Receivables Performance Management ("RPM") has refused to allow these opt outs, claiming that they are untimely under the Court's preliminary approval order.  Given the seriously deficient notice campaign proposed to the Court by the Defendant, which consists only of published notice—on one occasion—in the USA Today, this position by the Defendant is grossly unfair, and highlights the collusive and illusory nature of the settlement.  The objectors were easily identifiable by the Defendant, and they did not receive notice of this settlement until last week when the Pennsylvania objectors' legal counsel was told of the settlement by his adversary.  In lieu of objecting to the settlement, the objectors listed above should be allowed to opt out of the settlement now, even if these opt outs are provided after the Court's deadline.  *See, Silber v. Mabon,* 18 F.3d 1449, 1454-55 (9th Cir. 1994) (attached).

Should the Court not allow for these objectors to opt out, they respectfully request that the Court consider their objections to the class action settlement.  First and foremost, the objectors maintain to the Court that the notice campaign here was deficient, and failed to protect the due process rights of absent class members.  This deficient notice campaign is the reason why the objectors are filing their objections now, on the eve of the final approval hearing, because they did not receive notice of the settlement until late last week.

The Honorable Randolph F. Treece
September 21, 2010, Page 2
Re:  *Harrigan v. Receivables Performance Management*


RPM is well aware of the identities of all proposed class members, given that they maintain extensive databases on all of the individuals from whom they seek to collect money. These databases allow them to place the improper phone calls at issue in this litigation, send letters to class members, etc.  At a minimum, RPM was certainly aware of the identities of the objectors, and likely scores of other individuals who had filed lawsuits against them under the Fair Debt Collection Act, at the time of this settlement, but did nothing to notify these individuals of the settlement.  Rule 23(c)(2)(b) requires "individual notice to all members who can be identified through reasonable effort."  Here, this provision of the Federal Rules was clearly violated, in that the only notice contemplated under the settlement agreement is a one time publication in the USA Today.  Other courts, when presented with a deficient effort to provide individual notice, have not hesitate to reject class action settlements given the important due process interests implicated by resolving claims of absent class members.  *See, Kaufman v. American Express,* 2010 WL 3365921, * 2-5 (N.D. Ill., August 19, 2010) (attached).  These individualized notice requirements are not excused because of expense when class member data is readily available.  *Id.* at * 5 ("In conclusion, Rule 23 generally requires individual notice, and the affidavits submitted by American Express clearly establish that it retains some customer-identifying information that might enable it to individually notify some Class Members….On the present record, the court declines to find that individual notice is excused.")  For this reason, the Court should not provide final approval to this settlement, and should require RPM to provide appropriate notice to all class members, and a reasonable opportunity to opt out.

Second, the objectors maintain that the settlement is illusory, and should be rejected by the Court.  The complaint alleges that over 1,000,000 class members had their rights under the Fair Debt Collection Act violated by RPM, and yet the settlement makes no payments to class members, instead opting for a "cy pres" of roughly $8,500.00.  This "cy pres" payment, and convenient payments to the class representative and class counsel, are all the Defendant has to pay in exchange for a release to 1,000,000 class members for their clearly illegal conduct.  This payment is based on the Defendant's self-serving claim of a limited "net worth," which does not appear to have been challenged by the proposed class representative.  Even if a small percentage of class members choose to file individual lawsuits, the class would be better off with this outcome than an abusive, illusory and "de minimus" monetary recovery.[1]  The Court can easily address this unfair outcome by declining to provide the monetary releases required by the Settlement Agreement, and limit the settlement to injunctive relief only.

The objectors thank the Court for its consideration of this letter.

Respectfully yours,

/s Elmer Robert Keach, III

Elmer Robert Keach, III

Enclosures

---

[1] The phrase "de minimus" is taken right from the parties' Settlement Agreement.