**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ERIN HARRIGAN, *on behalf of herself and all others similarly situated*,

                                    Plaintiffs,

    - v -                                                                        Civ. No. 8:09-CV-1351 (RFT)[1]

RECEIVABLES PERFORMANCE MGMT., LLC,

                                      Defendant.
_____

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## ORDER

       This class action concerns the Defendant's practices, which Plaintiffs claim violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. *See generally* Dkt. No. 1, Compl. On June 23, 2010, this Court certified this matter as a class action and preliminarily approved a class settlement that provided a mechanism by which class members would be notified as to the pendency of this litigation and their options for opting out or objecting to the settlement. Dkt. No. 19. On July 12, 2010, the Court received a bewildering Motion to Intervene, filed by Jonathan Lee Riches. Dkt. No. 20. Due to the lack of clarity, we presumed this *pro se* filing was some intent to opt out of the class, and intended to handle the issue at the time the Court held a Fairness Hearing on the settlement.

       On August 2, 2010, Mr. Riches, along with several other individuals, filed another Motion to Intervene, providing a more in-depth description as to the purported basis for intervention. Dkt.

---

[1] On March 29, 2010, upon the consent of the parties, the Honorable David N. Hurd, United States District Judge, referred this matter to the undersigned, pursuant to 28 U.S.C. § 636(c), to conduct all proceedings and to order the entry of final judgment. Dkt. No. 14.

No. 21. Due to the salacious details set forth in the Motion, the Court directed the Clerk of the Court to file the document under seal. At that moment, it became clear to this Court that the Motions to Intervene were not proffered by individuals possessing any nexus or interest in the current litigation. It was also at that moment that the Court was made aware that an identical filing had been submitted in another case in the Northern District of New York. *See J.C. Penney Corp., Inc. v. Carousel Center Co., LP*, Civ. No. 5:02-CV-1360 (FJS/DEP), Dkt. No. 271. Having learned of the dual filings and the patently frivolous, and potentially harassing, nature of the requests, this Court issued an Order striking the August 2d Motion to Intervene. Dkt. No. 22. In addition to providing several reasons for striking the filing, we warned the movants that if they "insist[ed] on pursuing such frivolous filings, they . . . [would be] subject to this Court's inherent sanction power." *Id*.

Mr. Riches apparently chose to ignore this warning because on August 20, 2010, he filed the following: (1) a Motion for an Order of Recusal of Attorney Paul A. Sanders (Dkt. No. 24); (2) a Motion for an Order of Recusal of Attorney William F. Horn (Dkt. No. 25); and (3) a Notice of Interlocutory Appeal of this Court's Strike Order (Dkt. No. 26). That same date, Mr. Riches filed documents in the case *J.C. Penney Corp., Inc. v. Carousel Center Co., LP*, seeking an order recusing an attorney and a notice of appeal to the Second Circuit. Civ. No. 5:02-CV-1360, Dkt. Nos. 275 & 277.

As if these frivolous filings weren't pernicious enough, the Court recently received correspondence from two individuals who claim that Mr. Riches forged their signatures and they wished to be disassociated from any documents submitted to the Court that bear their names. Dkt. No. 28-29. To protect these individuals' identities, the Court directs the Clerk of the Court to seal their Letter-Motions.

It is clear that Mr. Riches has engaged in vexatious and frivolous activity in actions in this District to which he is not a party and to which he has no relationship. This Court previously warned Mr. Riches that if he continued on this course, he would be sanctioned. Our rebuke has now come to fruition. On August 27, 2010, the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, issued an Order, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent power to control the docket, enjoining Mr. Riches from "filing any document or pleading of any kind in any case in this District *pro se* unless he first seeks leave of the district judge or magistrate judge presiding over the case in which he seeks to file the document or pleading." *J.C. Penney Corp., Inc. v. Carousel Center Co., LP*, 5:02-CV-1360, Dkt. No. 278. Senior Judge Scullin directed that the Clerk of the Court should not accept for filing any document or pleading submitted by Mr. Riches except where leave to file had been granted.[2] *Id*. at p. 3. We find this sanction to be appropriate given the circumstances and cannot fathom the utility of any further sanction.

**WHEREFORE**, it is hereby

**ORDERED**, that Jonathan Lee Riches's Motion to Intervene (Dkt. No. 20), Letter Motion to Recuse Attorney Paul A. Sanders (Dkt. No. 24), and Letter Motion to Recuse Attorney William F. Horn (Dkt. No. 25) shall be **stricken** from the Docket; and it is further

**ORDERED**, that the Letter Motions from individuals reporting forgeries (Dkt. Nos. 28 & 29) shall be filed under seal to protect their identities. The Clerk of the Court shall also terminate these pending Motions as moot; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties in

---

[2] Senior Judge Scullin also directed the Clerk of the Court to allow Mr. Riches to appeal his Order or notify the Court of any appellate action on his Order. Dkt. No. 278 at p. 4.

accordance with the Local Rules, and on Mr. Riches, and the two individuals who filed docketed entries 28 & 29, by regular mail.

**IT IS SO ORDERED**.

Date: September 22, 2010
      Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge