

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____x
ERIN HARRIGAN, on behalf of herself and all :     CASE NO.: 8:09-cv-01351-DNH-RFT
others similarly situated, :
 :
                  Plaintiffs, :
 :
vs. :
 :
RECEIVABLES PERFORMANCE :
MANAGEMENT, LLC, and JOHN AND JANE :     **FINAL ORDER**
DOES NUMBERS 1 THROUGH 25, BEING :
FICTITIOUS NAMES OF UNIDENTIFIED :
PERSONS WHO CONTROL THE POLICIES :
AND PRACTICES INVOKED BY :
RECEIVABLES PERFORMANCE :
MANAGEMENT, LLC, :
 :
                  Defendants. :
_____x

**WHEREFORE**, It appearing to the Court that:

A.     On June 23, 2010, this Court entered a Preliminary Approval Order which, among other things, certified this lawsuit to proceed as a class action for settlement purposes only, defined the Settlement Class and Settlement Class Claims, appointed Settlement Class Counsel, preliminarily approved the proposed Stipulation of Settlement which would be binding on the Settlement Class, provided for notice to the Settlement Class including an opportunity for Settlement Class members to request exclusion from the Settlement Class and to object to the proposed Stipulation of Settlement, and scheduled a hearing ("Final Hearing") for September 21, 2010, at 10:00 a.m. to consider any objections and to determine whether the proposed settlement is fair, reasonable, and adequate [Dkt. No. 19];

Page 1

B.  A notice approved by the Court in the Preliminary Approval Order and directed to members of the Settlement Class was published in accordance with that Order on July 6, 2010;

C.  A total of four putative members of the proposed Settlement Class jointly submitted to the Clerk of this Court an untimely motion yet appeared at the Final Hearing requesting permission to opt-out of the Settlement Class or in the alternative for leave to object to the proposed Stipulation of Settlement [Dkt. No. 32];

D.  At the Final Hearing, Defendant, Receivables Performance Management, LLC, consented to allow the above-referenced four putative members of the proposed Settlement Class to opt-out of the Settlement Class and pursue their individual claims for relief;

E.  In satisfaction of Fed. R. Civ. P. 23(e)(3), a copy of the Stipulation of Settlement was provided to the Court with the Parties' Joint Motion seeking the entry of the Preliminary Approval Order;

F.  In the Stipulation of Settlement, Defendant, Receivables Performance Management, LLC, consented to the entry of an injunction;

G.  In accordance with the Preliminary Approval Order and Fed. R. Civ. P. 23(e)(2), counsel for the Parties timely appeared for the Final Hearing and, after waiting more than two hours, no other objectors nor anyone else appeared, and the Court having concluded that the proposed settlement is fair, reasonable, and adequate; and

H.  The Court being duly advised in the premises, and for good cause;

**IT IS HEREBY ORDERED AND ADJUDGED:**

1.  The Court confirms its certification in the Certification of Settlement Class and Preliminary Approval Order of this lawsuit as a class action for settlement purposes only and, in

accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a)    defines the "Settlement Class" as all persons, other than those who filed a request for exclusion, with addresses in the United States of America, who received a message left by Defendant on a telephone answering device which did not identify Defendant itself by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector and which message was left after one-year immediately preceding the filing of the initial complaint up through and including the date of order granting preliminary certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(2); and

    (b)    defines the "Settlement Class Claims" as those claims arising from messages left by Defendant for Class members on telephone answering devices which messages failed to meaningfully identify the Defendant by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector.

2.    The Court declares that the notice to the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23 and due process.

3.    The Court declares that the terms of the settlement, as set forth in the Stipulation, are fair, reasonable and adequate.

    (a)    The Court approves the disbursement of the *cy pres* payment as provided for in the Stipulation of Settlement to the following charitable institution, National Consumer Law Center, 7 Winthrop Square, Boston, MA 02110-1245 in the amount of $8,490.00.

4.    The Court approves the award of attorneys' fees and costs to Settlement Class Counsel as provided for in the Stipulation of Settlement and declares such fees and costs to be fair and

reasonable.

5.    The parties are directed to implement the settlement in accordance with the Stipulation of Settlement.

6.    In accordance with the Stipulation of Settlement:

   (a)   "Released Parties" means Defendant and Defendant's past or present officers, directors, partners, agents, employees, attorneys, accountants or auditors, consultants, legal representatives, predecessors, successors, assigns, parents, subsidiaries, divisions, and any entity that controls the Defendant;

   (b)   as of the "Effective Date" (as defined in the Stipulation of Settlement), each member of the Settlement Class is deemed to release and forever discharge the Released Parties from the Settlement Class Claims; and

   (c)   as of the "Effective Date" (as defined in the Stipulation of Settlement), each Settlement Class Representative is deemed to release and forever discharge the Released Parties from all causes of action, controversies, actions, demands, torts, damages, costs, attorneys' fees, moneys due on account, obligations, judgments, alleged violations of the FDCPA and liabilities of any kind whatsoever in law or equity, arising out of the Stipulation or imposed by federal or state statute, common law or otherwise, from the beginning of time to the date the Agreement was signed, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not.

7.    Defendant, Receivables Performance Management, LLC, is permanently enjoined as follows:

   (a)   All telephone voice messages left by Defendant for consumers on telephone

Page 4

answering devices will meaningfully identify the Defendant by its company name as the caller, state the purpose or nature of the communication, and disclose that the communication is from a debt collector;

(b) In accordance with Fed. R. Civ. P. 65(d)(2), this injunction is binding on Defendant, its officers, agents, servants, employees and attorneys, as well as all those in active concert or participation with any of them; and

(c) In any proceeding seeking relief based on Defendant's violation of this injunction, Defendant may not be held in violation if Defendant "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §1692k(c).

8. The Court grants John Dunio, Crystal Kominski, David Rubin, and Lawrence Sclafani permission to opt-out of the Settlement Class.

9. The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Stipulation of Settlement and this Final Order. Except as retained, all claims against all Defendants are dismissed with prejudice and without taxing costs.

**IT IS SO ORDERED.**

Entered:

_____
HONORABLE RANDOLPH F. TREECE
Magistrate Judge, United States District Court

Dated: September 22, 2010